I must respectfully dissent from the decision reached by the majority with regards to appellant's first assignment of error.
The statutory language set forth in R.C. 3113.21 (G) (4) (a) clearly mandates that appellee immediately notify the child support enforcement agency of any reason for which the child support order should terminate, including the emancipation of the child or children under the order. Appellee failed to notify the child support enforcement agency after both of the parties' children turned eighteen years of age and graduated from high school.
Furthermore, according to appellee's own testimony, appellant was aware of the fact that he was paying too much child support, however, because of the parties' agreement that other obligations for which appellant was responsible, be taken from such overpayment in child support, appellant agreed not to seek a modification. In direct contravention to their acknowledged agreement, appellee then filed a motion for contempt against appellant, alleging that he failed to satisfy the additional obligations which were the subject of such agreement. It was only at this point in time that appellant requested an order dismissing appellee's motion for contempt and modifying the previous order of spousal support. Appellant upheld his end of the bargain with regards to the parties' oral agreement and was merely seeking an equitable end based upon appellee's motion before the trial court.
Although the trial court properly determined that appellant's additional obligations should, in fact, be deducted from his overpayment in child support, it awarded appellee the remainder of appellant's overpayment, resulting in a windfall of $10,616.42 to appellee. Notwithstanding the fact that appellant failed to seek a modification or termination of his child support payments at an earlier point in time, which inaction was explained by the parties' oral agreement, appellee herself came into court with unclean hands by failing to comply with the dictates of R.C.3113.21 (G) (4) (a) and nonetheless, received a substantial benefit for such non-compliance.
Given the facts in this case, the trial court, as a court of equity, should have applied equitable principles and should have granted appellant a credit of $10,616.42 towards his spousal support obligation. As such, the trial court abused its discretion in failing to do so.
For the foregoing reasons, I would reverse the judgment of the trial court in its entirety and would remand this case for further proceedings.
APPROVED:
 ______________________________ EDWARD A. COX, PRESIDING JUDGE